GOSHORN, Chief Judge,
dissenting.
I respectfully dissent. This action does not involve a mother seeking to enforce a child support obligation. Rather, the real party in interest is the commissioner of social services of the State of New York seeking reimbursement for public assistance provided by it to the mother.
In accordance with the appellee’s testimony, the trial judge found that the appel-lee had been unable to locate his child and that both the State of Florida, as the receiving state under the Uniform Reciprocal Enforcement of Support Act (URESA),[1] and the State of New York, as the sending state and the real party in interest, had refused to disclose the location of the child. Under these facts, I would hold that the trial judge had inherent authority to suspend the appellee’s payments to the State of New York pending its disclosure of the location of his child, absent a showing of good cause for the refusal to disclose.
The problem of one parent concealing the location of a child from another parent has grown to national proportions. The government should be part of the solution and not add to the problem by lending its authority to compound the difficulties of a parent seeking to locate a missing child.

. Chapter 88, Florida Statutes (1991).